**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN WHEELER, JR., | ) | CASE NO. 1:13CV1070 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **ORDER AND DECISION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Plaintiff John Wheeler, Jr.'s objections to the Magistrate Judge's Report and Recommendation ("R&R").  This action was referred to the Magistrate Judge for an R&R on Wheeler's appeal of the Social Security Administration's decision to deny his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  42 U.S.C. §§ 416(I); 423(d).

The R&R adequately states the factual background and procedural history of this matter.  Wheeler has not objected to that background and history as set forth in the R&R.  As such, the Court will not reiterate those sections herein.

For the reasons stated below, Wheeler's objections are overruled.  The R&R is adopted and the Social Security Commissioner's ("Commissioner") decision is AFFIRMED.

## I.    STANDARD OF REVIEW

This Court conducts a *de novo* review of Wheeler's objections to the R&R.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  This Court may accept, reject, or modify the recommended decision, receive further evidence, or return the matter to the Magistrate Judge with instructions.  *Id*.

The Social Security Act invokes a substantial-evidence standard with respect to judicial review of the agency's determinations of disability.  42 U.S.C. § 405(g).  Ultimate judicial review of a Commissioner's decision in this context is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion."  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).  If substantial evidence supports the Commissioner's decision, this Court will defer to that factual finding "even if there is substantial evidence in the record that would have supported an opposite conclusion."  *Id*.  Substantiality is based upon the record taken as a whole.  *Houston v. Sec'y of Health and Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984) (citing *Allen v. Califano*, 613 F.2d 139 (6th Cir, 1980)).

## II.    ANALYSIS

Wheeler objects to the Magistrate Judge's conclusions in the R&R by arguing that the administrative law judge's ("ALJ") erroneous conclusions were harmful and that the ALJ's decision was not supported by substantial evidence and was contrary to law in several respects. For the following reasons, Wheeler's objection is denied.

In formulating Wheeler's RFC, the ALJ was required to review and determine the credibility of Wheeler's subjective reports of pain and limitations.  Wheeler contends that the Magistrate Judge found three "major flaws" in the ALJ's credibility analysis:

(1) the Magistrate found that he 'cannot determine from the ALJ's statement if the ALJ erroneously believed that Plaintiff was arguing a cognitive correlation or if the ALJ merely inferred that Plaintiff's pain complaints provided sufficient response to treatment because Plaintiff was able to perform mental activities';

2

(2) the Magistrate next concluded that '. . .the ALJ did erroneously find that Plaintiff was attending online classes full-time';

(3) the Magistrate concluded that 'while the undersigned finds that the ALJ's focus in this paragraph was more about the conservative treatment that Plaintiff consistently received and the impact that it had on reducing his pain rather than Plaintiff's lack of pursuit of further treatment, it did not address the fact that more invasive treatment was recommended by Plaintiff's doctors but was denied by worker's compensation.'

Doc. 18, p. 2 (quoting the R&R at pp. 17-18).  Wheeler further argues that these errors, taken collectively, were not harmless as the Magistrate Judge contends in the R&R and that they cannot be considered in isolation.  *Id.*

The Court will only consider an agency decision based on the ALJ's reasoning alone and will not be compelled to reverse if "a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of [the] decision reached."  *Berryhill v. Shalala*, 4 F.3d 993 at *7 (6th Cir. 1993); *see also Burlington Truck Lines v. United States*, 371 U.S. 156, 169 (1962) and *Simpson v. Comm'r of Soc. Sec.*, 2009 WL 2628355 at *10 (6th Cir. 2009).  Moreover, the Court will only remand this case to the ALJ if it is in "substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding[s] removed from the picture."  *Id.*  Although the Sixth Circuit has not published an opinion adopting a rule for harmless error, it has spoken to the issue numerous times in both published and unpublished opinions.  *See Berryhill* 4 F.3d 993 at *7 ("the harmless error standard is applicable to this case because the 'mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of the decision reached.'").  Specifically, the Northern District has adopted in the past that for a court to affirm despite finding an error, the error must be harmless.  *Pechatsko v. Comm'r of Soc. Sec.*, 369 F.Supp.2d 909, 914-15 (N.D. Ohio 2004).  To find an error harmless, two preconditions must be met: "(1) [a] fully developed record as to all factual issues essential to the decision, and (2) [n]o substantial

doubt that the agency would have made the same ultimate finding with the erroneous, subsidiary finding removed from the picture." *Id*.

Herein, the Court finds no flaw at all with respect to the first "flaw" identified by Wheeler.  In his findings, the ALJ noted that Wheeler's pain was not so severe as to impair his cognitive functions.   Regardless of whether Wheeler pursued this argument or theory, such a finding is fully supported by the record and therefore does not constitute any form of error.

Similarly, the Court finds no flaw in the ALJ's decision with respect to the discussion regarding Wheeler's conservative treatment.  While Wheeler contends this paragraph of the decision omits any reference to the recommended treatments that he could not pursue because of workers' compensation limitations, he ignores the thrust of the paragraph.  The paragraph (Doc. 14 at 21, first full paragraph) instead demonstrates that Wheeler was not only able to consistently receive conservative treatment, but that he conceded "improvement in pain" with that treatment and medication.  The paragraph goes on to note that with this conservative treatment, Wheeler's average chronic pain was a 4 on a scale of 1 to 10.  Again, nothing in that paragraph is incorrect or unsupported by the record.  The fact that Wheeler desired the ALJ to further discuss the treatment options he was unable to pursue does not somehow mandate that such a discussion occur.

Finally, the sole possible error contained in the ALJ's analysis is a passing reference to Wheeler attending "full-time on-line college courses" when the record reflects that Wheeler only sparingly attended these classes as convenient to his schedule.  However, this was once again a reference to whether the pain interfered with Wheeler's cognitive functions.   As Wheeler himself concedes that he never pursued such a theory, it is difficult to conceive of how this error could have been harmful.  In any event, to the extent that ALJ misstated this fact, the Court fully

agrees with the R&R that said misstatement was exceedingly minor and did not weigh into the ALJ's ultimate decision to discount Wheeler's testimony, making any such error harmless.

Based upon the above, the Court finds no merit in Wheeler's objections.

## III.    CONCLUSION

For the reasons set forth above, Wheeler's objections are OVERRULED and the Magistrate Judge's R&R is AFFIRMED and ADOPTED in whole.    The Commissioner's decision is AFFIRMED.


IT IS SO ORDERED.


August 20, 2014                              */s/ John R. Adams*_____
                                             JUDGE JOHN R. ADAMS
                                             UNITED STATES DISTRICT COURT